Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7340 | **DATE** | 10/9/2012 |
| **CASE TITLE** | La Tanya Palmer vs. Dollar Tree | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion to dismiss [39] is denied.

■[ For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

### I.      Background

On November 15, 2010, Plaintiff La Tanya Palmer filed a complaint alleging that her former employer, Dollar Tree, discriminated against her on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e *et seq.* That same day, Plaintiff filed her first application for leave to proceed *in forma pauperis* ("IFP") [4]. The application form begins with instructions: "Please answer every question. Do not leave any blanks. If the answer is 'none' or 'not applicable (N/A),' write that response." Despite that instruction, Plaintiff did not answer the only two questions on the first page: question 1, "Are you currently incarcerated?" and question 2, about current or previous employment. Plaintiff answered the remaining application questions, noting that her son receives social security payments of $530 and that her children receive $400 of food assistance. She also reported that she owns a 1997 Land Rover Discovery, which she valued at $4,000. On November 18, 2010, the Court granted Plaintiff's IFP application [6]. In the same order, the court denied without prejudice Plaintiff's motion for appointment of counsel.

On July 29, 2011, Plaintiff filed a renewed motion for appointment of counsel and, along with it, a second IFP application [23]. The Court denied the renewed motion for appointment of counsel and, because the first IFP application had been granted, struck the second as moot [25]. In the second IFP application, Plaintiff answered the question about her employment, stating that she was not currently employed but that she had worked for Civic Staffing from April 2010 to April 2011 at $8.25 per hour. She did not say how much she worked. Unlike the first IFP application, the second did not disclose social security income and claimed food assistance of $300 instead of $400. Through discovery, Defendant acquired tax forms and a job application showing that Plaintiff earned $10,515 from Civic Staffing and $904 from the YMCA in 2010, and was employed by Salon North through January 2010.

Defendant now moves to dismiss [39] based on the misstatements and omissions in Plaintiff's IFP applications. Defendant believes dismissal is *required* under 28 U.S.C. § 1915(e)(2)(A), which states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that * * * the allegation of poverty is untrue."

**STATEMENT**

## II.    Analysis

The purpose of the IFP statute is to make it possible for a person to bring claims or assert defenses in federal court even if that person is unable to afford the fees and costs of litigation. See 28 U.S.C. § 1915(a)(1). "The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, 2003 WL 22902561, at *2 (N.D. Ill. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 27 (1992)). To prevent abuse, the privilege is guarded by a severe sanction: if "the allegation of poverty is untrue," the court must dismiss the case. 28 U.S.C. § 1915(e)(2)(A).

In assessing a person's ability to pay court costs, the Court (at minimum) reviews the IFP application to learn whether the applicant is incarcerated, employed, or married; whether the applicant or anyone living in his or her residence has received more than $200 from any of various sources in the previous twelve months, or if the applicant or cohabitant has more than $200 in cash or in a bank account, or any stocks, bonds, or securities; whether the applicant or anyone living with the applicant owns any real estate, automobile, boat/trailer/mobile home; and whether the applicant has any dependents.

Critical to this case, it is not possible for the Court to properly assess a plaintiff's claim of indigence without understanding whether he is, or recently has been, employed. Here, Plaintiff admits that she failed to provide the Court with that important information in her first IFP application but denies intentionally misleading the court. The omission, she says, was just a misunderstanding. As Plaintiff puts it, "I did not understand that I had to include all income from the past twelve months on the IFP. I assumed the form was asking for information only at the time I was filling out the forms." In any event, Plaintiff argues, her mistake was "not material" because her allegation of poverty was "not false."

The Court concludes that Plaintiff made a mistake by failing to answer the employment question on her first IFP application. She answered the question the second time, and the Court does not believe that she was trying accomplish deception by confession. A simpler and more plausible theory of Plaintiff's conduct is that she is just not very good with forms. This view is supported by the complaint that she filed in this case [1]. The fill-in-the-blanks complaint is scarcely more complicated than the IFP application, but hers nevertheless contains glaring mistakes. For instance, the form says that the plaintiff should "Choose paragraph 7.1 [if the defendant is not a federal government agency] or 7.2 [if the defendant is a federal government agency]. Do not complete both." Despite that direct instruction, she completed both. Paragraph 9 asks if the EEOC has issued a Notice of Right to Sue. Plaintiff checked box (a) to indicate that it had not issued a Notice, but also indicated in (b) that a Notice had been issued on September 19, 2010. The EEOC's Notice was actually issued on *October* 19, 2010.

The Court's intention is not to embarrass Plaintiff by pointing out her mistakes, but only to explain why it believes that the omission of employment information from the first IFP application was a mistake and not an intentional deception. Plaintiff's intention, however, scarcely matters. The question for the Court is whether Plaintiff's "allegation of poverty" was untrue. If so, the Court is constrained to dismiss her case. Defendant correctly emphasizes that 28 U.S.C. § 1915(e)(2)(A) previously granted district courts discretion to determine whether an untrue "allegation of poverty" in an IFP application warranted dismissal. See, e.g., *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) ("Section 1915(d) provides: 'The court * * * may dismiss the case if the allegation of poverty is untrue"). In 1996, § 1915 was amended to *require* dismissal in such situations: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that—(a) the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

All that makes clear, unfortunately, is that if an *allegation of poverty* is untrue, the case must be dismissed. See *McRoyal v. Commonwealth Edison Co.*, 263 Fed. Appx. 500, 502 (7th Cir. 2008); *Thomas v. General Motors*

## STATEMENT

*Acceptance Corp*., 288 F.3d 305, 306 (7th Cir. 2002); *Weaver v. Borgwarner Transmission Sys.*, Inc., 2009 WL 4798220, at *4 (N.D. Ill. Dec. 14, 2009); *Cheairs v. United Water/Suez*, 2009 WL 3568660, at *5 (N.D. Ind. Oct. 26, 2009) *Pelmer v. Dean*, 562 F.Supp.2d 1006, 1008 (N.D. Ill. 2008); *Bawaney v. TCF Bank*, 2006 WL 3523842, at *2 (N.D. Ill. June 24, 2006)). What is *not* clear from the statute or the cases, and what matters in this case, is how the Court should interpret § 1915(e)(2)(A)'s critical phrase, "allegation of poverty."

This not the first court to note that the phrase is ambiguous. See *Brantly v. Children's Memorial Hosp.*, 2010 WL 5174388, at *2 (N.D. Ill. Dec. 14, 2010); *David v. Geren*, 2009 WL 362877, at *1 (S.D. Ind. Feb 11, 2009). It could mean that a case must be dismissed if either (a) any nontrivial statement in an IFP affidavit is untrue or (b) the applicant told the Court that she is indigent when she is not. The question, in other words, is whether a nontrivial misstatement or omission in an IFP application can be harmless. At first blush, *McRoyal* seems to provide an answer:

> Ms. McRoyal * * * submits that her case should not have been dismissed because, even if she lied on her petition to proceed *in forma pauperis*, those falsehoods were harmless because they did not result in the district court's granting her petition and she remains obligated to pay the filing fee. As the district court aptly noted in its order * * *, the wrongful act of making false statements to the court is always harmful. Therefore, if an allegation of poverty made in a petition to proceed *in forma pauperis* is untrue, "the district court shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A). Whether the false statements actually result in a grant of *in forma pauperis* status or other relief is irrelevant under § 1915(e)(2)(A).

263 Fed. Appx. at 502. One might read that paragraph to mean that (a) must be the correct interpretation, there is no such thing as a harmless nontrivial falsehood in an IFP application, and, therefore, Plaintiff's case must be dismissed. But *McRoyal,* the Court believes, does not require as much. *McRoyal* simply restates the Court's problem: "if an allegation of poverty made in a petition to proceed *in forma pauperis* is untrue 'the district court shall dismiss the case.'" *Id.* What is "always harmful" and forces dismissal, the untrue statements themselves or statements insofar as they conceal the fact that the applicant is not indigent? In *McRoyal*¸ the problem was that Ms. McRoyal made "several false allegations of poverty in her petition," each sufficient to undermine her application. See *id.* at 501. That could not be excused. *Id.* at 502. *McRoyal* does not address whether the Court is left with any discretion in a case where the petitioner actually is indigent.

Several cases suggest that the Court has leeway in that circumstance. For instance, the Seventh Circuit and district courts have declined to impose the ultimate sanction of dismissal notwithstanding untrue statements on the application when the plaintiff has not "reaped the benefits of in forma pauperis status." *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000); see also *Kim v. Earthgrains Co.*, 2010 WL 2610460, at *3 (N.D. Ill. June 24, 2010). In some instances, courts have sanctioned plaintiffs with monetary penalties, rather than dismissal with prejudice, for misrepresentations on an IFP application. See, e.g., *Shipman v. New York State of Office of Persons With Developmental Disabilities*, 2012 WL 897790, at *10 (S.D.N.Y. March 13, 2012); *Moorish Nat'l Republic v. City of Chicago*, 2011 WL 1485574, at *6 (N.D. Ill. April 18, 2011); *Bray v. United Water*, 2010 WL 5231315, at *3-*4 (N.D. Ind. Dec. 16, 2010) (imposing a non-monetary sanction, but not dismissal of the case, upon finding that the plaintiff lied on his IFP application).

Consistent with the cases and the language and purpose of the IFP statute, the Court concludes that § 1915(e)(2)(A) requires the severe sanction of dismissal only when a petitioner says that she is indigent when she is not. Of course, making a nontrivial false statement to the Court is an abuse of the judicial process, and the Court has inherent authority to sanction such conduct. *Montano v. City of Chi.,* 535 F.3d 558, 563 (7th Cir. 2008) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991); *Dotson v. Bravo,* 321 F.3d 663, 667 (7th Cir. 2003)); *McRoyal*, 2007 WL 164221, at *2. But "[t]he sanction imposed should be proportionate to the gravity

**STATEMENT**

of the offense." *Id.* (citing *Allen v. Chi. Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003).

In this case, Defendant does not suggest that Plaintiff earned more than $11,500 in 2010 or that she has other significant assets or income. So, even as Defendant sees this case, Plaintiff is indigent. Dismissal under § 1915(e)(2)(A) is therefore not required, and the Court is not persuaded that Plaintiff's omissions and misstatements are serious enough to dismiss the case as an exercise of discretion under § 1915(e)(2)(A) or as an exercise of its inherent authority to sanction misconduct. Defendant's motion to dismiss is therefore denied. Plaintiff is cautioned to exercise greater care in making representations to the court and to seek assistance from the pro se assistance program if she is uncertain how to proceed.

**III.    Conclusion**

Defendant's motion to dismiss [39] is denied.